UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>             Plaintiff,<br><br>     v.<br><br>KERN COUNTY LERDO FACILITY NURSING STAFF,<br><br>             Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF 90 DAYS TO IDENTIFY JANE DOES** |

Plaintiff Billy Howard is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on June 14, 2021. (Doc. 1.) Plaintiff indicated he did not know the identities of any of the parties; he named all as Doe defendants. (*Id*.)

In a First Screening Order issued November 10, 2022, the Court found Plaintiff had stated cognizable claims for a deliberate indifference to serious medical needs against the Kern County Lerdo facility nursing staff defendants. (Doc. 16 at 6-7.) Additionally, the Court found Plaintiff had not stated a cognizable claim against the chief medical director of the facility. (*Id*. at 7.) Plaintiff was afforded the opportunity to (1) file written notice that he did not wish to file a first amended complaint and was willing to proceed only on his claims for deliberate indifference to

serious medical needs against the facility nursing staff defendants only; or (2) file a first amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary dismissal. (*Id*. at 8-9.)

On December 1, 2022, Plaintiff filed written notice with this Court, indicating a wish "to push forward with the original proceedings without [amendments]." (Doc. 17.)

On December 5, 2022, the undersigned issued Findings and Recommendations to Dismiss Claims and Defendant. (Doc. 19.) Specifically, it was recommended that Doe Defendant Chief Medical Director be dismissed from the action, and that the claims in Plaintiff's complaint be dismissed, except for the deliberate indifference to serious medical needs claims against facility nursing staff. (*Id*. at 2.) Plaintiff was afforded 14 days within which to file any objections. (*Id*.) No objections were filed.

On December 28, 2022, District Judge Jennifer L. Thurston issued an Order Adopting Findings and Recommendations Dismissing the Claim Against Defendant Kern County Lerdo Facility Medical Chief and Directing the Clerk of the Court to Update the Docket. (Doc. 20.) More particularly, the Kern County Lerdo Facility Medical Chief was dismissed as a defendant, the Clerk of the Court was directed to terminate that individual as a defendant, and the action was to proceed upon Plaintiff's claim of deliberate indifference to serious medical needs against facility nursing staff. (*Id*. at 2.)

The undersigned addresses herein Plaintiff's need to identify the Kern County Lerdo facility nursing staff defendants against whom his deliberate indifference to serious medical needs claims proceed.

**II.     DISCUSSION**

The facility nursing staff defendants are presently unknown to Plaintiff. He indicated as much in his original complaint. It appears from the original complaint that there may be as many as four separate individuals comprising the group the Court has identified as the facility nursing defendants. In the First Screening Order, the Court noted approximately four encounters between Plaintiff and the facility nursing staff: (1) the first encounter on December 10, 2020 when Plaintiff was "seen by a nurse;" (2) the second encounter a few days later "with an unidentified

nurse;" (3) one week later, in a third encounter, when Plaintiff advised "the nurse" of his worsening condition; and (4) a final, fourth encounter on or about January 4, 2021 when "an unidentified nurse" dismissed the severity of his condition and concerns after Plaintiff "'went man down.'" (*See* Doc. 16 at 4.) Thus, while Plaintiff is attempting to identify these unknown individuals, he shall be prepared to identify Jane Does 1 through 4 by their true names following limited discovery.

As previously noted, this action proceeds against the facility nursing staff defendants only on a deliberate indifference to serious medical needs claim. (Docs. 19 & 20.) Although Plaintiff has stated a plausible claim against the facility nursing staff defendants, the Court will not require service on these defendants at this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is unclear whether discovery will uncover the identities of the facility nursing staff defendants, nor it is clear that Plaintiff's complaint would be dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity to discover the facility nursing staff defendants' identities through limited discovery.

Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court. *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through

the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

### III. CONCLUSION AND ORDER

Accordingly, the Court GRANTS Plaintiff 90 days from the date of service of this Order within which to discover the names of the facility nursing staff defendants, or Jane Does 1 through 4, through subpoena or otherwise, and to substitute these defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of the Jane Does, the Court will recommend dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:   **January 4, 2023**                                   _____
                                                                                     UNITED STATES MAGISTRATE JUDGE