UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>                Plaintiff,<br><br>    v.<br><br>KERN COUNTY LERDO FACILITY MEDICAL CHIEF, et al.,<br><br>                Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**ORDER GRANTING EXTENSION OF TIME**<br><br>(Doc. 22) |

Plaintiff Billy Howard is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

In its First Screening Order issued November 10, 2022, the Court found Plaintiff had stated cognizable claims for a deliberate indifference to serious medical needs against the Kern County Lerdo facility nursing staff defendants. (Doc. 16 at 6-7.) Additionally, the Court found Plaintiff had not stated a cognizable claim against the chief medical director of the facility. (*Id*. at 7.) Plaintiff was afforded the opportunity to (1) file written notice that he did not wish to file a first amended complaint and was willing to proceed only on his claims for deliberate indifference to serious medical needs against the facility nursing staff defendants only; or (2) file a first amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of

1    voluntary dismissal. (*Id*. at 8-9.)

2         On December 1, 2022, Plaintiff filed written notice with this Court, indicating a wish "to
3    push forward with the original proceedings without [amendments]." (Doc. 17.)

4         On December 5, 2022, the undersigned issued Findings and Recommendations to Dismiss
5    Claims and Defendant. (Doc. 19.) Specifically, it was recommended that Doe Defendant Chief
6    Medical Director be dismissed from the action, and that the claims in Plaintiff's complaint be
7    dismissed, except for the deliberate indifference to serious medical needs claims against facility
8    nursing staff. (*Id*. at 2.) Plaintiff was afforded 14 days within which to file any objections. (*Id*.)
9    No objections were filed.

10        On December 28, 2022, District Judge Jennifer L. Thurston issued an Order Adopting
11   Findings and Recommendations Dismissing the Claim Against Defendant Kern County Lerdo
12   Facility Medical Chief and Directing the Clerk of the Court to Update the Docket. (Doc. 20.)
13   More particularly, the Kern County Lerdo Facility Medical Chief was dismissed as a defendant,
14   the Clerk of the Court was directed to terminate that individual as a defendant, and the action was
15   to proceed upon Plaintiff's claim of deliberate indifference to serious medical needs against
16   facility nursing staff. (*Id*. at 2.)

17        On January 5, 2023, the Court issued its Order Granting Plaintiff 90 Days To Identify Jane
18   Does. (Doc. 21.)

19        On March 27, 2023, Plaintiff filed a "Motion For Appointment Of Counsel." (Doc. 22.)
20   Plaintiff contends he is unable to afford counsel and is indigent. (*Id.*) Plaintiff contends his
21   imprisonment will greatly limit his ability to litigate his claims. (*Id*.) He states the issues involved
22   are complex and will require significant research and investigation. (*Id*.) Further, Plaintiff
23   contends he has limited access to the law library and limited knowledge of the law. (*Id*.)

24        Plaintiff's filing further reveals information concerning his efforts to identify the unknown
25   or Doe facility nursing staff defendants. (Doc. 22 at 2.) Plaintiff indicates he has been seeking his
26   "medical records" but has not yet been successful. (*Id*.) He states he has identified one of the four
27   Doe defendants: Nurse Practitioner Ramon Mansilungan. (*Id*.) He has been unable to identify any
28   other Doe defendants. (*Id*.) Plaintiff has also attached four documents to his filing: (1) a Kern

1 County Sheriff's Department Detention Facilities inmate grievance form dated March 2, 2023; (2)
2 a Kern County Sheriff's Department Detention Facilities inmate grievance form dated January 23,
3 2023; (3) a Kern County Sheriff's Department Detention Facilities answer to inmate grievance
4 form dated February 27, 2023; and (4) a Kern County Sheriff's Department Detention Facilities
5 answer to inmate grievance form dated March 8, 2023. (*Id*. at 3-6.)

## II.   DISCUSSION

### *Request for the Appointment of Counsel*

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See,*

3

*e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"). In this case, Plaintiff's complaint asserts Eighth Amendment claims of deliberate indifference to serious medical needs. It is simply not one involving exceptional circumstances.

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. While Plaintiff's complaint has been screened as required by 28 U.S.C. § 1915A(a) and the case proceeds on Plaintiff's Eighth Amendment claims against the Kern County Lerdo Facility nursing staff defendants (*see* Docs. 16 & 19), those claims have not yet been proven. The complaint asserts allegations that may or may not be proven; that determination has not yet been made.

Moreover, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff does not change the analysis. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

### *Identification of the Doe Defendants*

In its First Screening Order, the Court noted Plaintiff named the "Kern County Lerdo Fac. Nursing Staff" as named but unknown defendants. (Doc. 16 at 4.) Plaintiff presented factual allegations that prior to his hospitalization at the Kern Medical Center on January 6, 2021, he

1    sought medical treatment at the Lerdo detention facility beginning December 10, 2020, for severe
2    pain behind his left eye and on the back-left side of his head. (*Id.* at 4.) Despite Plaintiff's
3    numerous complaints, he was advised that the problem may be his need for glasses, that he should
4    stop working out, and that he needed to drink more water. (*Id.*) Plaintiff alleged his concerns were
5    dismissed by the facility's nursing staff and he was denied adequate medical care. (*Id.*) As a result
6    of those allegations, the Court found Plaintiff had stated cognizable claims of deliberate
7    indifference to serious medical needs by the Lerdo facility nursing staff. (*Id.* at 5-7.)

8          Significantly, a review of the attachments to Plaintiff's instant motion reveals an
9    inconsistency, or perhaps confusion on the part of either Plaintiff or Lerdo detention facilities
10   staff—or perhaps both—as it concerns Plaintiff's medical records.

11         First, Plaintiff's complaint does not name the "Kern Medical Center" as a defendant in
12   this action. The only defendants named in this action are the unidentified Lerdo facility nursing
13   staff defendants. To the extent Plaintiff wishes to obtain his medical records from Kern Medical
14   Center (KMC), KMC is a third party. Hence, Plaintiff is required to seek this Court's
15   authorization for a subpoena duces tecum directed to KMC in order to do so. As Plaintiff was
16   advised in this Court's January 5, 2023 order, "[a] motion for issuance of a subpoena duces tecum
17   should be supported by clear identification of the documents sought and a showing that the
18   records are obtainable only through the identified third party." (Doc. 21 at 3-4.) Therefore,
19   Plaintiff may file a motion with this Court seeking the relevant KMC medical records by
20   identifying the specific records he seeks and showing the records are only obtainable through
21   KMC. Although the Court has doubts that any records from KMC will shed light on the identities
22   of any Lerdo facility nursing staff.

23         Second, to the extent Plaintiff's inmate grievances sought his "medical records"
24   maintained at the Lerdo facility, such a request is appropriate and is plainly related to Plaintiff's
25   efforts to identify the unknown Lerdo facility nursing staff beyond Nurse Practitioner Ramon
26   Mansilungan. However, it appears to the Court that the Lerdo staff responding to Plaintiff's
27   inmate grievances understand him to be seeking records from KMC, rather than the Lerdo facility
28   itself. (*See, e.g.*, Doc. 22 at 6 ["THIS IS IN REGARDS TO YOUR GRIEVANCE DATED

3/02/23. MEDICAL RECORDS CAN BE OBTAINED AT KERN MEDICAL IN THE MEDICAL RECORDS DEPARTMENT"].)

In any event, Plaintiff is advised he may wish to continue to seek copies of his medical records maintained at the Lerdo jail facility by being more specific in his requests. Instead of referring to "my medical records" and his outside hospitalization at KMC that occurred after the claims at issue arose, Plaintiff should specifically state he is seeking copies of his medical records maintained at the Kern County Lerdo detention facility for the period between December 10, 2020 and January 6, 2021.

Lastly, Plaintiff is advised that it appears he should file a notice of substitution with this Court, seeking to substitute Jane Doe 1 for Nurse Practitioner Ramon Mansilungan, the individual Plaintiff has since identified since the Court issued its January 5, 2023 order.

Plaintiff will be granted an extension of time within which to discover the identities of the remaining Lerdo facility nursing staff defendants and/or to file a motion for subpoena duces tecum and/or a notice of substitution.

### III.     CONCLUSION AND ORDER

Accordingly, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the appointment of counsel (Doc. 22) is **DENIED** without prejudice; and,
2. Plaintiff is **GRANTED** an extension of **sixty (60) days from the date of service of this order** within which to continue to conduct limited discovery regarding the identities of the remaining Lerdo facility nursing staff defendants, to file a motion for subpoena duces tecum, if appropriate, and to file a notice of substitution.

IT IS SO ORDERED.

Dated:   **March 28, 2023**

UNITED STATES MAGISTRATE JUDGE

6