UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY LERDO FACILITY MEDICAL CHIEF, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR SUBSTITUTION OF PARTIES**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR SUBPOENA DUCES TECUM**<br><br>(Doc. 24)<br><br>Clerk of Court to Update Parties and Docket |

　　Plaintiff Billy Howard is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

　　On December 5, 2022, the Court issued Findings and Recommendations to Dismiss Claims and Defendant. (Doc. 19.) Specifically, it was recommended that Doe Defendant Chief Medical Director be dismissed from the action, and that the claims in Plaintiff's complaint be dismissed, except for the deliberate indifference to serious medical needs claims against facility nursing staff. (*Id*. at 2.)

　　On December 28, 2022, District Judge Jennifer L. Thurston issued an Order Adopting

Findings and Recommendations Dismissing the Claim Against Defendant Kern County Lerdo Facility Medical Chief and Directing the Clerk of the Court to Update the Docket. (Doc. 20.) The Kern County Lerdo Facility Medical Chief was dismissed as a defendant, the Clerk of the Court was directed to terminate that individual as a defendant, and the action was to proceed upon Plaintiff's claim of deliberate indifference to serious medical needs against facility nursing staff. (*Id*. at 2.)

On January 5, 2023, the Court issued its Order Granting Plaintiff 90 Days To Identify Jane Does. (Doc. 21.)[1]

On March 29, 2023, the Court issued its Order Denying Plaintiff's Motion to Appoint Counsel and Order Granting Extension of Time. (Doc. 23.) Relevant here, the Court granted Plaintiff a 60-day extension of time within which to continue to conduct limited discovery regarding the Lerdo facility nursing staff defendants, to file a motion for subpoena duces tecum, and, if appropriate, to file a notice of substitution. (*Id*. at 4-6.)

On May 11, 2023, Plaintiff filed an untitled document with the Court. (Doc. 24.) Plaintiff asks the Court to "substitute Jane Doe # [1] to Nurse Practitioner Ramon Mansilungan and [also] Dr. Lawrence Kendra as substitute for Jane Doe #2." (*Id.*) Further, Plaintiff seeks a subpoena duces tecum "to pretrial to get" his medical records, as well as "video from Justice Jail," for the period between December 10, 2020 and January 5, 2021. (*Id.*) Plaintiff states "Kern County Lerdo and Jusice [sic] Medical is Run by Kern Medical Center the nurses and doctors that work here in Lerdo County Jails are all from Kern Medical Center that's why they tell me I have to get my records by KMC." (*Id.*)

**II.    DISCUSSION**

*Request for Substitution*

Plaintiff seeks to substitute Ramon Mansilungan for Doe Defendant 1 and Lawrence Kendra for Doe Defendant 2. (Doc. 24.)

Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

---

[1] Plaintiff's complaint does not expressly reference the gender of any unidentified Lerdo facility nursing staff defendant. Rather, Plaintiff's complaint refers to "a nurse" or "the nurse" in relating several alleged encounters.

> (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

Plaintiff identifies two of the potential Doe Defendants by name: Ramon Mansilungan and Lawrence Kendra. (Doc. 24). Although Plaintiff did not submit a proposed amended complaint identifying the defendants by name within the pleading as contemplated in Rule 15(c) and Local Rule 220, the January 5, 2023, Order did not require him to do so. (*See* Doc. 21); *see also* Local Rule 220 (E.D. Ca. 2019) (stating in relevant part that "changed pleadings" shall refer to the amended and supplemental pleadings and unless prior approval to the contrary is obtained, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by the court order shall be typed and filed so that it is complete in itself without preference to the prior or superseded pleading....").

A review of the complaint shows Plaintiff identifies the Lerdo facility nursing staff defendants with sufficient facts directed at each individual regarding their involvement in the alleged deliberate indifference to serious medical needs at issue. (Doc. 1.) The deliberate indifference to serious medical needs at issue happened in a continuum between approximately December 2020 and January 2021 involving several unidentified medical staff at the facility. (*Id.* at 3-5.) Thus, the filing of an amended complaint to merely substitute the names of Doe Defendants 1 and 2 is unnecessary.

Accordingly, the original complaint will remain the operative complaint in this action and the Court will substitute Doe Defendants 1 and 2 for the named defendants Plaintiff identifies. *See, e.g.*, *Cantu v. Doe 1*, No. 1:20-cv-00386-HBK, 2021 WL 2822531, at *1-2 (E.D. Cal. July 7, 2021); *Altheide v. Williams*, No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1 (D. Nevada Jan.

3

3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the John Doe Defendants).

### *Request for Subpoena Duces Tecum*

Plaintiff seeks a subpoena duces tecum directed to Kern Medical for his medical records and for video footage, for the period between December 10, 2020 and January 5, 2021. (Doc. 24.) Plaintiff's request will be granted in part and denied in part.

The Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-BAM, 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id.*

The Court is aware of the previous efforts Plaintiff made to obtain copies of his medical records, without the assistance of the Court. Those efforts have proven unsuccessful. The Court finds the medical records sought are relevant to Plaintiff's prosecution of this action, and, under a liberal construction of the filing, the motion is sufficiently specific to clearly identify the information sought. However, the Court finds the video footage "from Justice Jail," as Plaintiff identifies it, does not appear relevant to Plaintiff's prosecution of this action nor is it sufficiently specific to clearly identify the information sought, particularly where the medical records should

identify the medical staff, or unknown nursing staff defendants, involved in Plaintiff's care.

### III. CONCLUSION AND ORDER

Accordingly, and for the reasons stated above**, IT IS HEREBY ORDERED** that:

1. Plaintiff's request to substitute Doe Defendants 1 and 2 (Doc. 24) is **GRANTED**. The Clerk of the Court is **DIRECTED** to add Ramon Mansilungan and Lawrence Kendra to the caption for this action;
2. Plaintiff's request for subpoena duces tecum (Doc. 24) is **GRANTED** in part and **DENIED** in part consistent with this Order;
3. The Clerk of the Court shall forward the following documents to the United States Marshal's Service (USM):
    a. One completed and issued subpoena duces tecum to be served on:
    
       Kern Medical
       
       Medical Records Department
       
       1700 Mount Vernon Avenue
       
       Bakersfield, CA 93306
    b. One copy of Plaintiff's complaint (Doc. 1);
    c. One completed USM-285 form; and
    d. Two copies of this Order, one to accompany the subpoena and one for the USM;
4. In completing the subpoena, the Clerk of the Court shall list, as described here, the documents requested:

    Medical records pertaining to Plaintiff Billy Reo Howard, Date of Birth: 2/6/1971, for treatment provided between December 2020 and January 2021, including documents identifying the names of nurses or other medical professionals who are employed by Kern Medical and work at the Lerdo Justice Facility and who provided treatment to Plaintiff during the period between December 2020 and January 2021
5. Within thirty days from the date of this order, the USM is DIRECTED to serve the

subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

6. The USM shall effect personal service of the subpoena duces tecum, along with a copy of this Order and a copy of the complaint, upon the individual or entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

7. Within ten days after personal service is effected, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM-285 form; and

8. Within thirty days after service is effected, Kern Medical is directed to serve the responsive documents on Plaintiff:
    Billy Howard
    2324590
    Kern County Jail
    17695 Industrial Farm Road
    Bakersfield, CA 93308

9. Within fourteen days upon receipt of the documents identifying the remaining unknown Lerdo facility nursing staff defendants, Plaintiff is directed to submit a notice with the Court, upon which he will then be directed to submit documents necessary to effectuate service.

IT IS SO ORDERED.

Dated:   **May 12, 2023**

UNITED STATES MAGISTRATE JUDGE