UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>                  Plaintiff,<br><br>    v.<br><br>KERN COUNTY LERDO FACILITY MEDICAL CHIEF, et al.,<br><br>                  Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR SUBSTITUTION OF PARTIES**<br><br>(Doc. 28) |

Plaintiff Billy Howard is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On May 15, 2023, this Court issued its Order Granting Plaintiff's Request for Substitution of Parties and Order Granting in Part and Denying in Part Plaintiff's Request for Subpoena Duces Tecum. (Doc. 25.)

On June 22, 2023, Plaintiff filed an untitled document which the Court construes to be a motion to substitute additional parties. (Doc. 28.)

**II.    DISCUSSION**

Plaintiff seeks to substitute Defendant Doe 3 for K. Gooden and Defendant Doe 4 for Elena Peters. (Doc. 28.)

//

Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

> (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

Although Plaintiff did not submit a proposed amended complaint identifying the defendants by name within the pleading as contemplated in Rule 15(c) and Local Rule 220, the January 5, 2023, Order Granting Plaintiff 90 Days to Identify Jane Does did not require him to do so. (*See* Doc. 21.)

A review of the complaint shows Plaintiff identifies the Lerdo facility nursing staff defendants with sufficient facts directed at each individual regarding their involvement in the alleged deliberate indifference to serious medical needs at issue. (Doc. 1.) The deliberate indifference to serious medical needs at issue happened in a continuum between approximately December 2020 and January 2021 involving several unidentified medical staff at the facility. (*Id.* at 3-5.) Thus, the filing of an amended complaint to merely substitute the names of Doe Defendants (or Jane Does) 3 and 4, is unnecessary.

Accordingly, the original complaint will remain the operative complaint in this action and the Court will substitute Doe Defendants 3 and 4 for the named defendants Plaintiff identifies. *See, e.g.*, *Cantu v. Doe 1*, No. 1:20-cv-00386-HBK, 2021 WL 2822531, at *1-2 (E.D. Cal. July 7, 2021) (directing clerk of court to update case caption to reflect substituted, named parties); *Altheide v. Williams*, No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1 (D. Nevada Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the John Doe Defendants).

//

### III. CONCLUSION AND ORDER

Accordingly, and for the reasons stated above**, IT IS HEREBY ORDERED** that:

1. Plaintiff's request to substitute Doe Defendants 3 and 4 (Doc. 28) is **GRANTED;**
2. The Clerk of the Court is **DIRECTED** to add K. Gooden and Elena Peters to the caption for this action; and
3. Limited discovery concerning the Doe Defendants is now closed. The Court will issue a separate order regarding service of process in due course.

IT IS SO ORDERED.

Dated:   **June 23, 2023**                                     _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

3