UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY LERDO FACILITY MEDICAL CHIEF, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT PETERS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**21-DAY DEADLINE** |

Plaintiff Billy Howard is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds against Defendants Ramon Mansilungan, Kendra Lawrence, Kenya Gooden, and Elena Peters for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.    INTRODUCTION**

The Court issued its Order Finding Service Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return on June 27, 2023. (Doc. 30.) Plaintiff submitted the completed service documents on July 12, 2023 (Doc. 31) and the Court issued its Order Directing Service by the United States Marshals Service Without Prepayment of Costs on that same date (Doc. 32).

On September 14, 2023, the United States Marshall filed its USM-285 form indicating service could not be effected on Defendant Elena Peters. (Doc. 35 at 1.) The United States Marshal was advised that Peters was not employed at Kern Medical Center. (*Id*.)

## II.     DISCUSSION AND ORDER

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the United States Marshal has attempted to serve Defendant Elena Peters. Plaintiff identified Defendant Peters as "Kern County FAC Medical Chief et al." (Doc. 35 at 1.) However, the Marshal was advised that Peters is not employed at Kern Medical Center. Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's complaint on Defendant Peters. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate this individual,

Defendant Peters shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Peters should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the United States Marshal in locating Defendant Peters for service of process.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why Defendant Peters should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **September 15, 2023**

UNITED STATES MAGISTRATE JUDGE