UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>           Plaintiff,<br><br>     v.<br><br>KERN COUNTY LERDO FACILITY MEDICAL CHIEF, et al.,<br><br>           Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** (Doc. 36)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT PETERS FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Billy Howard is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds against Defendants Ramon Mansilungan, Kendra Lawrence, Kenya Gooden, and Elena Peters for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.      RELEVANT PROCEDURAL BACKGROUND**

The Court issued its Order Finding Service Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return on June 27, 2023. (Doc. 30.) Plaintiff submitted the completed service documents on July 12, 2023 (Doc. 31) and the Court issued its Order Directing Service by the United States Marshals Service Without Prepayment of Costs on that same date (Doc. 32).

On September 14, 2023, the United States Marshall filed its USM-285 form indicating service could not be effected on Defendant Elena Peters. (Doc. 35 at 1.) The United States Marshal was advised that Peters was not employed at Kern Medical Center. (*Id*.)

On September 15, 2023, this Court issued its Order to Show Cause ("OSC") Why Defendant Peters Should Not Be Dismissed from This Action For Plaintiff's Failure to Provide Sufficient Information to Effectuate Service. (Doc. 36.) Plaintiff was directed to show cause, within 21 days, why Defendant Peters should not be dismissed from the action, or to provide additional information to assist the United States Marshal in locating Defendant Peters for service of process. (*Id*. at 2-3.) Plaintiff was cautioned that a failure to respond to the OSC would result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). (*Id*. at 3.)

More than 21 days have passed, and Plaintiff has failed to respond to the OSC or to provide additional information to assist the United States Marshal in effecting service of process on Defendant Peters.

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Absent a showing of good cause, courts have discretion under Rule 4(m) to extend the time for service or to dismiss the action without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). A prisoner plaintiff is required to provide sufficient information to effectuate service of process on a defendant by the United States Marshal. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated in part on other grounds in *Sandin v. Connor*, 515 U.S. 472 (1995).

Service of Plaintiff's complaint was authorized on June 27, 2023 (Doc. 30) and summonses were issued on July 12, 2023, when the Court directed Service by the United States Marshal (Doc. 32). Defendants Mansilungan, Lawrence and Gooden were granted an extension of

time within which to file a responsive pleading on September 13, 2023 (*see* Doc. 34) and have subsequently filed an answer to Plaintiff's complaint (*see* Doc. 37). However, on September 14, 2023, the United States Marshal returned as unexecuted the summons directed to Defendant Elena Peters. (Doc. 35.) As noted, Defendant Peters could not be served because she is "not employed by Kern Medical." (*Id*.)

In the OSC issued September 15, 2023, Plaintiff was advised the United States Marshal was unable to serve Defendant Elena Peters because Peters is not employed at Kern Medical Center. (Doc. 36.) Plaintiff was directed to file a written response to the OSC within 21 days, or to provide additional information concerning Defendant Peters to allow for service of process by the United States Marshal. (*Id*.) Here, however, Plaintiff has failed to show good cause or otherwise respond to the OSC concerning his failure to provide the United States Marshal with sufficient information to effect service of process on Defendant Peters. Therefore, the Court will not extend the time for service and will recommend Defendant Peters be dismissed from this action without prejudice for Plaintiff's failure to effect service of process in accordance with Rule 4(m).

### III.     CONCLUSION, ORDER AND RECOMMENDATION

Accordingly, **IT IS HEREBY ORDERED** that the OSC issued September 15, 2023 is **DISCHARGED**.

Further, for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Elena Peters be **DISMISSED**, without prejudice, from this action for Plaintiff' failure to effectuate service of process; and
2. The Clerk of the Court be directed to terminate "Kern County Lerdo Facility Nursing Staff" as a named defendant on the docket for this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 10, 2023**__   _____
UNITED STATES MAGISTRATE JUDGE