UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KERN COUNTY LERDO FACILITY MEDICAL CHIEF, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME WITHIN WHICH TO RESPOND TO DISCOVERY REQUESTS**<br><br>(Doc. 46)<br><br>**ORDER MODIFYING DISCOVERY AND SCHEDULING ORDER** |

Plaintiff Billy Howard is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds against Defendants Ramon Mansilungan, Kendra Lawrence, and Kenya Gooden for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.　INTRODUCTION**

The Court issued its Discovery and Scheduling Order on January 2, 2024. (Doc. 45.)

On April 22, 2024, Plaintiff filed an untitled document seeking an extension of time within which to file discovery responses. (Doc. 46.) The following day, Defendants filed a reply to Plaintiff's request. (Doc. 47.)

## II. DISCUSSION

### *Plaintiff's Request for An Extension of Time*

Plaintiff states he received a Request for Production of Documents from Defendants requiring his response within 45 days. (Doc. 46.) Plaintiff does not indicate when he was served with Defendants' discovery request, but states he is unable to timely respond. (*Id*.) First, Plaintiff states he is "currently being transferred to the federal prison"[1] following sentencing proceedings of February 12, 2024. (*Id*.) Second, Plaintiff states he was required "to send all [his] legal paperwork home" because "cannot take anything with" him. (*Id*.) Third, Plaintiff states he will be transported for an undetermined amount of time until he reaches his "final destination" which "could take up to 3 months." (*Id*.) Plaintiff seeks an extension of 180 days, allowing for "getting to [his] final facility" and having access to his legal documents. (*Id*.) Lastly, Plaintiff notes he will provide a change of address once he "reach[es his] new prison." (*Id*.)

### *Defendants' Reply*

Defendants are amenable to Plaintiff's request for a "three month extension to respond to discovery" providing the Discovery and Scheduling Order is modified to extend the remaining deadlines by three months. (Doc. 47.) Defendants state that on March 11, 2024, they served Plaintiff with Interrogatories, a Request for Admissions, and a Request for Production of Documents, making responses due on or before April 23, 2024. (*Id*. at 1-2.) Defendants state they are sympathetic to Plaintiff's circumstances. (*Id*. at 2.) Absent an extension of the remaining deadlines in the Discovery and Scheduling Order, Defendants contend they will be prejudiced by "an additional delay of three months … by limiting and cutting out valuable time that would be needed to propound additional discovery" based on Plaintiff's responses to the March 11, 2024, discovery requests. (*Id*.) In the absence of a three-month extension of the remaining deadlines provided for in the Court's Discovery and Scheduling Order, Defendants oppose Plaintiff's request. (*Id*.)

//

---

[1] Plaintiff was previously incarcerated at the Kern County Jail. The Kern County Sheriff's Office online inmate locator tool reveals Plaintiff is no longer being held at that facility.

The Court will *partially* grant Plaintiff's request for an extension of time within which to respond to Defendants' discovery requests and will modify the remaining deadlines in the Discovery and Scheduling Order.

The Court is aware that Plaintiff's transfer to a federal prison may be a lengthy process. Additionally, it recognizes Plaintiff's access to his legal documents may be delayed as a result. Nevertheless, it finds Plaintiff's request for an extension of 180 days to lack necessary support – the grounds advanced by Plaintiff for granting a six month extension are speculative in large measure. Because Plaintiff may be able to respond to Defendants' discovery requests within 90 days, the Court finds such an extension warranted. Should either party require additional time within which to comply with this Order, the party shall file a request for a further extension of time, supported by good cause, prior to the relevant deadline.

### III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to extend the deadline for responding to Defendants' discovery requests (Doc. 46) is **GRANTED IN PART**. Plaintiff **SHALL** respond to Defendants' discovery requests **within 90 days** from the date of service of this order;
2. The Discovery and Scheduling Order is **MODIFIED** as follows:
   a. The deadline for the filing of an exhaustion motion, if any, is **extended to July 31, 2024**;
   b. The deadline for the completion of all discovery, including the filing of any motions to compel, is **extended to December 2, 2024**; and
   c. The deadline for the filing of dispositive motions is **extended to February 10, 2025**.

IT IS SO ORDERED.

Dated:   **April 24, 2024**

UNITED STATES MAGISTRATE JUDGE