UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HOWARD,<br><br>            Plaintiff,<br><br>     v.<br><br>KERN COUNTY LERDO FACILITY MEDICAL CHIEF, et al.,<br><br>            Defendants. | Case No. 1:21-cv-00931-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S LOCAL RULES AND TO PROSECUTE THIS ACTION**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Billy Howard is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Ramon Mansilungan, Kendra Lawrence, and Kenya Gooden for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.     RELEVANT BACKGROUND**

The Court issued its Discovery and Scheduling Order on January 2, 2024. (Doc. 45.)

On July 31, 2024, Defendants filed a motion for summary judgment asserting Plaintiff failed to exhaust his administrative remedies before filing suit. (Doc. 49.)

On August 1, 2024, the Court issued a minute order directing Defendants to re-serve their motion to include the required *Rand*[1] notice. (*See* Doc. 50 [minute order].) Defendants complied

---
[1] *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).

with the Court's order that same date. (*See* Doc. 51.)

On August 12, 2024, the United States Postal Service returned the August 1 minute order, served to Plaintiff's address of record by the Court, marked "Undeliverable, Not in Custody."

Despite the passage of more than 63 days, Plaintiff has failed to keep the Court apprised of his current address.  Further, Plaintiff has failed to oppose Defendants' motion for summary judgment.

## II.     DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." And Local Rule 183(b) provides:

> **Address Changes**. A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

Here, Plaintiff's address currently on file with the Court is: "Billy Howard, 2324590, Kern County Jail, 17695 Industrial Farm Road, Bakersfield, CA 93308." The minute order served to that address on August 1, 2024, was returned by the United States Postal Service on August 12, 2024, marked "Undeliverable, Not in Custody." Although more than 63 days have elapsed, Plaintiff has not filed a notice of change of address or otherwise contacted the Court. Moreover, it is apparent Plaintiff is aware of his obligation to keep his address current—he did so on four previous occasions between August 2021 and September 2022. (*See* Docs. 10-12, 14 [notices of change of address].)

Plaintiff's failure to comply with Local Rules 182(f) and 183(b) to keep the Court apprised of his current address weighs in favor of dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules or his failure to prosecute this action. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440; *Henderson*, 779 F.2d at 1424.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have filed a motion for summary judgment, contending Plaintiff failed to exhaust his administrative remedies

1  before filing suit. Defendants re-served their motion with the required *Rand* notice on August 1,
2  2024, to Plaintiff at his address of record (*see* Doc. 51), but Plaintiff has not responded to the
3  pending motion. This matter cannot proceed without Plaintiff's participation and a presumption of
4  injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third
5  factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856
6  F.2d at 1440.

7        The fourth factor usually weighs against dismissal because public policy favors
8  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
9  "this factor lends little support to a party whose responsibility it is to move a case toward
10 disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460
11 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has
12 instead stopped communicating with the Court altogether and has failed to comply with Local
13 Rules 182(f) and 183(b). Therefore, the fourth factor — the public policy favoring disposition of
14 cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

15       Finally, the Court's warning to a party that failure to obey will result in dismissal satisfies
16 the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First
17 Informational Order in Prisoner/Civil Detainee Civil Rights Case issued June 15, 2021, Plaintiff
18 was advised as follows: "In litigating this action, the parties must comply with this Order, the
19 Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States
20 District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure
21 to so comply will be grounds for imposition of sanctions which may include dismissal of the case.
22 Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) That Order further advised: "A pro se
23 plaintiff must keep the Court and opposing parties informed of the party's correct current address.
24 Local Rule 182(f). If a party moves to a different address without filing and serving a notice of
25 change of address, documents served at a party's old address of record shall be deemed received
26 even if not actually received. … If mail directed to a pro se plaintiff at the address of record is
27 returned by the United States Postal Service as undeliverable, the order will not be re-served a
28 second time absence a notice of change of address." (*Id.* at 5.) Additionally, in the Order

Referring Case to Post-Screening ADR issued November 9, 2023, the parties were advised, "The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f)." (*See* Doc. 41 at 2.) And, as noted above, Plaintiff is aware of his obligation given previous changes of address. (*See* Docs. 10-12, 14.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules concerning his obligation to keep the Court apprised of his current address. Accordingly, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Local Rules and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons given above, the Court **RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28

1 | U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __October 15, 2024__  _____
UNITED STATES MAGISTRATE JUDGE